UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ESCOBAR,<br>    Petitioner,<br>v.<br>W. L. MUNIZ,<br>    Respondent. | Case No. 18-cv-01818-EMC<br><br>**ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS**<br><br>Docket No. 7 |

Respondent has filed a motion to dismiss this action on the ground that the petition for writ of habeas corpus is barred by the habeas statute of limitations. Respondent's argument as to why the petition is untimely consists of seven sentences. The motion does not mention the possibility of statutory tolling or equitable tolling, and does not argue that neither kind of tolling is available for Petitioner. The motion also is wrong in its calculation of the date on which the limitations period began. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (conviction of petitioner who did not file petition for writ of certiorari became final 90 days after the California Supreme Court denied review); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (same).

In a habeas action challenging a state court conviction, the petitioner typically is unrepresented by counsel and incarcerated with limited access to legal materials. The Court assumes that such a petitioner typically begins preparing his opposition by looking at the motion to dismiss to decide what facts or law might support his opposition. For this reason, the Court expects a respondent in a *pro se* habeas action to at least identify the major issues that must be decided in a motion to dismiss and take a position on those issues. In a motion to dismiss for untimeliness, for example, the three main questions are: (1) when did the limitations period start? (2) how much, if any statutory tolling applies? and (3) how much, if any, equitable tolling applies?

The Court has received many motions to dismiss filed by the California Attorney General's office on behalf of respondents in habeas actions filed under 28 U.S.C. § 2254, and does not recall ever receiving one as short on details as the current one. Although a petitioner bears the burden of showing that statutory and/or equitable tolling applies to his case, *see Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010), the statute of limitations for habeas petitions is an affirmative defense. *Randle v. Crawford*, 604 F.3d 1047, 1052 (9th Cir. 2010). If a respondent wants relief on the affirmative defense, the Court expects more detail than that provided in the motion to dismiss in this case. The motion does not need not be a lot longer than the current motion, but should at least provide a sentence or two about statutory tolling, *see* 28 U.S.C. § 2244(d)(2), and provide a sentence or two about the requirements for equitable tolling, as well as argument as to whether those tolling principles appear to apply to this case. And, of course, the Court expects Respondent to provide the correct date for the start of the limitations period.

The motion to dismiss filed by Respondent is simply too bare-bones for the Court to determine that the petition should be dismissed on the affirmative defense of a statute of limitations bar. Accordingly, Respondent's motion to dismiss is **DENIED**. Docket No. 7. The denial of the motion is without prejudice to Respondent filing a new motion to dismiss that provides the information discussed in this order.

The following briefing schedule is now set for a new motion to dismiss: Respondent must file and serve his motion to dismiss no later than **August 27, 2018**. Petitioner must file and serve his opposition no later than **September 24, 2018**. Respondent must file and serve his reply (if any) no later than **October 8, 2018**.

**IT IS SO ORDERED**.

Dated: August 6, 2018

_____
EDWARD M. CHEN
United States District Judge