UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ESCOBAR,<br><br>    Petitioner,<br><br>v.<br><br>W. L. MUNIZ,<br><br>    Respondent. | Case No. 18-cv-01818-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 9 |

## I.     <u>INTRODUCTION</u>

Julian Escobar filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an unopposed motion to dismiss the petition as untimely. For the reasons discussed below, the Court dismisses the action as untimely because the statute of limitations deadline expired almost three years before Mr. Escobar filed his habeas petition.

## II.     <u>BACKGROUND</u>

Mr. Escobar was convicted in Santa Clara County Superior Court of first degree murder, four counts of attempted murder, and one count of active participation in a criminal street gang. The jury found true several sentence enhancement allegations. Mr. Escobar reports that he was sentenced to "ten consecutive life terms" in prison on September 23, 2011. Docket No. 1 at 1. (The California Court of Appeal opinion describes the sentence imposed as "an indeterminate term of life without the possibility of parole for the murder conviction, consecutive indeterminate terms of 25-years-to-life with the possibility of parole for the attempted murder convictions, and a determinate term of six years for the gang-participation conviction. *See People v. Escobar*, 2013 WL 5372799 (Cal. Ct. App. Sept. 26, 2013).)

Mr. Escobar appealed. The California Court of Appeal affirmed his conviction on

1  September 26, 2013.  *See People v. Escobar*, 2013 WL 5372799 (Cal. Ct. App. Sept. 26, 2013).
The California Supreme Court denied his petition for review on December 18, 2013.  He did not file any petitions for writ of habeas corpus in the state courts.

Mr. Escobar then filed this action.  His federal petition for writ of habeas corpus has a proof of service showing it was mailed to the Court on March 14, 2018.  Applying the prison mailbox rule, the Court assumes for present purposes that Mr. Escobar gave his petition to prison officials to mail on the date he signed the proof of service, and deems the petition to have been filed as of March 14, 2018.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule provides that *pro se* prisoner's filing of a document is deemed to have occurred when he gives it to prison officials to mail to the court).

### III.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The limitations period in this case began when the judgment became final upon "the expiration of the time for seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also* Cal. Rule of Court 5.32(b).  The California Supreme Court denied Mr. Escobar's petition for review on December 18, 2013.  His conviction became final 90 days thereafter, on March 18, 2014, because

2

he did not petition for writ of certiorari. *See Greene v. Fisher*, 565 U.S. 34, 39 (2011) ("Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of"). The presumptive deadline for him to file his federal petition was one year later, on March 18, 2015.

The one-year limitations period can be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, no statutory tolling is warranted because Mr. Escobar did not file any state habeas petitions or otherwise seek collateral review in state court.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 655 (quoting *Pace*, 544 U.S. at 418; *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Mr. Escobar has not offered any reason to equitably toll the limitations period.

Mr. Escobar's federal petition for writ of habeas corpus filed on March 14, 2018, was filed almost three years after the expiration of the federal habeas statute of limitations period on March 18, 2013. His federal petition for writ of habeas corpus therefore must be dismissed as untimely.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

///

///

///

///

///

3

## IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 9. This action is dismissed because the petition for writ of habeas corpus was not filed before the expiration of the habeas statute of limitations period. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 22, 2019

_____
EDWARD M. CHEN
United States District Judge